UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENSYLVANIA

| | |
|---|---|
| SHANNON D. THOMAS, | CIVIL ACTION 2:23-CV-670 |
| Plaintiff, | |
| v. | COMPLAINT |
| CAPITAL ONE FINANCIAL CORPORATION and JOHN DOES 1-10, | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

**NOW COMES** SHANNON D. THOMAS ("Plaintiff"), by and through her undersigned counsel, complaining of CAPITAL ONE FINANCIAL CORPORATION ("Defendant"), as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq*., the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("PUTPCPL") under 73 P.S. 201-1 *et seq*., and the Pennsylvania Fair Credit Extension Uniformity Act ("PFCEUA") under 73 P.S. 2270.1 *et seq*., stemming from Defendant's unlawful conduct.

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as the TCPA is a federal statute.

3. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

1

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(2) as a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## PARTIES

5. Plaintiff is a natural person, over 18-years-of-age, who at all times relevant resided in Connellsville, Pennsylvania.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

7. Defendant is a corporation organized and existing under the laws of Virginia that offers credit cards to consumer across the nation.

8. Defendant maintains its principal place of business at 1680 Capital One Drive, McLean, Virginia 22102.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and insurers at all times relevant to the instant action.

10. JOHN DOES 1-10 are third party vendors that Defendant utilizes to assist Defendant in the collection of debts owed by consumers. The identities of John Does are unknown to Plaintiff at this time and will be identified through discovery.

## FACTUAL ALLEGATIONS

11. The instant action stems from Defendant's efforts to collect upon a debt ("subject consumer debt") Plaintiff is said to owe to Defendant in connection with a credit card Plaintiff obtained through Defendant.

12. In December 2022, as a result of Plaintiff's overwhelming financial burdens, Plaintiff was forced to seek assistance from a debt consolidation company.

13. In January 2023, Plaintiff began receiving calls to her cellular telephone ending in 2423 from Defendant.

14. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular telephone ending in 2423. Plaintiff is and always has been financially responsible for the cellular telephone and its services.

15. During answered calls from Defendant, Plaintiff experiences a noticeable pause, lasting a handful of seconds in length, and has to repeatedly say "hello" before a live representative begins to speak.

16. Upon speaking with Defendant, Plaintiff was informed that Defendant was calling attempting to collect upon the subject consumer debt.

17. In or around the middle of January, 2023, Plaintiff, feeling harassed and bothered by the nature of frequency of Defendant's contact attempts, answered a phone call and requested that Defendant cease calling her cellular phone.

18. Plaintiff also provided Defendant with the debt consolidation company's name and contact information, further demanding that Defendant cease contacting her and speak with the debt consolidation company instead.

19. Defendant willfully ignored Plaintiff's demand and continued placing phone calls to Plaintiff's cellular phone.

20. Defendant's collections efforts were relentless and objectively unreasonable. For example, Defendant routinely placed calls to Plaintiff's cellular phone on back-to-back days, multiple times per day and from different phone numbers.

21. Plaintiff repeated her demands to Defendant on a number of occasions, yet Defendant would not be deterred in its harassing pursuit of Plaintiff.

22. Specifically, Plaintiff was advised that the calls would continue, despite her demand that they stop, until the third party debt consolidation company contacted Defendant itself.

23. Despite Plaintiff's request that the collection calls cease, Defendant continued placing collection calls to Plaintiff's cellular phone, including calls from: (800) 388-5333, (800) 435-1415 and (800) 955-6600.

24. In most of the calls that Plaintiff did not answer, Defendant would leave prerecorded voicemail messages on Plaintiff's cellular phone requesting a call back.

25. Upon information and belief, the above-referenced phone numbers are regularly utilized by Defendant during its debt collection activities.

26. Plaintiff has received numerous phone calls from Defendant, over a short period of time, all since demanding that Defendant stop calling her.

27. Frustrated over Defendant's conduct, Plaintiff spoke with the undersigned regarding her rights, resulting in her exhausting time and resources.

28. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

29. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to: invasion of privacy, aggravation that accompanies collection telephone calls, and significant emotional distress.

## DAMAGES

30. Defendant's constant harassing phone calls have severely disrupted Plaintiff's everyday life and overall well-being.

31. Defendant's phone calls have caused Plaintiff actual harm, including but not limited to, aggravation that accompanies persistent and unwanted phone calls, anxiety, emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls, wear and tear to Plaintiff's cellular phone, intrusion upon and occupation of Plaintiff's cellular telephone, temporary loss of use of Plaintiff's cellular phone, invasion of privacy, loss of battery charge, loss

of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

32. Moreover, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize his cellular phone while his phone was ringing.

33. Concerned with having had his rights violated, Plaintiff was forced to retain counsel to vindicate his rights.

## CLAIMS FOR RELIEF

### COUNT I
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

34. Plaintiff repeats and realleges paragraphs 1 through 33 as though fully set forth herein.

35. Section 227(b)(1)(A)(iii) of the TCPA prohibits "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice" to "any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2344 (2020).

36. The TCPA defines ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

37. As pled above, Defendant utilized an artificial or pre-recorded voice when contacting Plaintiff on her cellular telephone.

5

38. Upon information and belief, based on the lack of prompt human response during the phone calls in which Plaintiff answered and the pre-recorded messages used by Defendant, Defendant used prerecorded voice technology to place calls to Plaintiff's cellular phone.

39. Upon information and belief, the prerecorded voice technology employed by Defendant play a prerecorded message once a human voice is detected, thus resulting in a lengthy pause after the called party speaks into the phone.

40. As pled above, Plaintiff revoked any prior consent on numerous occasions to no avail as Defendant continued to call Plaintiff.

41. Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii) by placing numerous prerecorded calls to Plaintiff's cellular telephone utilizing an ATDS and/or artificial or prerecorded voice without Plaintiff's consent.

42. As pled above, Plaintiff was harmed by Defendant's collection calls to her cellular phone.

43. Upon information and belief, Defendant has no system in place to document whether it has consent to contact consumers on their cellular phones.

44. Upon information and belief, Defendant has no policies and procedures in place to honor consumers' requests that collection calls cease.

45. Upon information and belief, Defendant knew its collection practices violated the TCPA, yet continued to employ them in order to maximize efficiency and revenue.

46. As a result of Defendant's violations of 47 U.S.C. §227(b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

47. As a result of Defendant's knowing and willful violations of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

<u>COUNT II</u>
**PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW**

33. Plaintiff restates and realleges paragraphs 1 through 32 as though fully set forth herein.

34. Plaintiff is a "person" as defined by 73 P.S. § 201-2(2) of the PUTPCPL.

35. Defendant's collection calls to Plaintiff constitute "trade" and "commerce" as defined by 73 P.S. § 201-2(3) of the PUTPCPL.

36. The PUTPCPL prohibits entities from:

> "Engaging in any . . . fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding."
> 73 P.S. 201-2(4)(xxi)

37. Defendant violated 73 P.S. 201-2(4)(xxi) by engaging in an unfair and deceptive act or practice through its repeated harassment of Plaintiff. It was deceptive for Defendant to continue contacting Plaintiff in the manner it did despite her repeated requests that the phone calls stop and that Defendant should be contacting the debt consolidation company instead. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the lawful ability to continue its harassment of Plaintiff despite the information it was provided. Such conduct created a

7

likelihood of confusion or of misunderstanding, as Defendant led Plaintiff to believe that she had to suffer the harassment despite Defendant's unlawful ability to place such calls.

38. Moreover, it was deceptive for Defendant to advise Plaintiff that it would not stop calling her until it heard directly from the third party debt consolidation company.

39. In defiance of the law, Defendant continued its unfair conduct of harassing Plaintiff. Defendant ignored Plaintiff's request and unfairly continued to systematically contact her at multiple times thereafter. Following its characteristic behavior in placing voluminous phone calls to consumers, the calls here were placed with the hope that Plaintiff would succumb to its harassing behavior and ultimately make a payment.

40. Further, it was unfair and deceptive for Defendant's third party vendors (John Does 1-10) to repeatedly call Plaintiff and fail to disclose their true identities. Such concealment is explicitly prohibited by the Fair Debt Collection Practices Act ("FDCPA"). *See* 15 U.S.C. §1692e(14) and §1692d(6).

41. Similarly, it was unfair and deceptive for Defendant to continuously place more than 7 collection calls to Plaintiff's cellular phone number within a seven-day period in an attempt to collect the subject debt. Defendant violated §§ 1006.14 and 1006.14(b)(2)(i)(B) of Regulation F on numerous occasions by placing a telephone call to Plaintiff within seven days of its previous contact with her.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages pursuant to 73 P.S. § 201-9.2(a);

c. Award Plaintiff treble damages pursuant to 73 P.S. § 201-9.2(a);

d.  Award Plaintiff reasonable attorney's fees and costs pursuant to 73 P.S. § 201-9.2(a);

e.  Enjoining Defendant from contacting Plaintiff; and

f.  Awarding any other relief as the Honorable Court deems just and appropriate.

<u>COUNT III</u>
PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT

48. Plaintiff restates and realleges paragraphs 1 through 47 as though fully set forth herein.

49. Plaintiff is a "consumer" as defined by 73 P.S. § 2270.3.

50. Defendant is a "creditor" as defined by 73 P.S. § 2270.3.

51. The subject debt is a "debt" as defined by PA ST 73 P.S. § 2270.3 as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

**a.  Violations of PFCEUA § 2270.4(b)(2)(ii)**

52. The PFCEUA, pursuant to § 2270.4(b)(2)(ii), prohibits creditors from "[w]ithout the prior consent of the consumer given directly to the creditor or the express permission of a court of competent jurisdiction, a creditor may not communicate with a consumer in connection with the collection of any debt . . . if the creditor knows the consumer is represented by an attorney with respect to such debt and has knowledge of or can readily ascertain such attorney's name and address . . . ."

53. Defendant violated the PFCEUA when it continued to call Plaintiff's cellular phone repeatedly after being advised to cease contact with her and to instead speak with Plaintiff's debt consolidation company. After being provided with Plaintiff's debt consolidation company's information on multiple occasions, Defendant continued its harassing collection campaign in attempt to harass Plaintiff into payment, in direct violation of the PFCEUA.

9

      **b.**      **Violations of PFCEUA § 2270.4(b)(4)**

54. The PFCEUA, pursuant to 73 P.S. § 2270.4(b)(4), broadly prohibits a creditor from "engag[ing] in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt." Without limiting the generally applicable nature of that prohibition, the PFCEUA, pursuant to 73 P.S. § 2270.4(b)(4)(v), further prohibits a creditor from "[c]ausing a telephone to ring or engaging any person in telephone conversations repeatedly or continuously with intent to annoy, abuse or harass any person at the called number."

55. Defendant violated the PFCEUA when it continued to call Plaintiff's cellular phone numerous times after she notified it to stop calling and to contact her debt consolidation company. The repeated contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately submit a payment. Rather than understanding Plaintiff's situation and abiding by her wishes, Defendant continued in their harassing campaign of phone calls in hopes of extracting payment. Defendant's efforts to continue contacting Plaintiff in the manner it did underscores Defendant's intent to harass Plaintiff through the repeated phone calls.

56. Upon being told to stop calling, Defendant had ample reason to be aware that it should not continue its harassing calling campaign. Yet, Defendant consciously chose to continue placing systematic calls to Plaintiff's cellular phone knowing that its conduct was unwelcome.

      **c.**      **Violations of PFCEUA § 2270.4(b)(5)**

57. The PFCEUA, pursuant 73 P.S. § 2270.4(b)(5), broadly prohibits a creditor from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." Without limiting the generally applicable nature of that prohibition, the PFCEUA, pursuant to 73 P.S. § 2270.4(b)(5)(x), further prohibits creditors from "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain

information concerning a consumer."

58. Defendant violated the PFCEUA when it continued to call Plaintiff's cellular phone numerous times after she notified it to stop calling and to contact her debt consolidation company. Defendant's conduct deceptively and misleadingly represented to Plaintiff the extent of Defendant's lawful ability to place the collection phone calls it was placing.

59. Further, it was unfair and deceptive for Defendant's third party vendors (John Does 1-10) to repeatedly call Plaintiff and fail to disclose their true identities. Such concealment is explicitly prohibited by the Fair Debt Collection Practices Act ("FDCPA"). *See* 15 U.S.C. §1692e(14) and §1692d(6).

60. Similarly, it was unfair and deceptive for Defendant to continuously place more than 7 collection calls to Plaintiff's cellular phone number within a seven-day period in an attempt to collect the subject debt. Defendant violated §§ 1006.14 and 1006.14(b)(2)(i)(B) of Regulation F on numerous occasions by placing a telephone call to Plaintiff within seven days of its previous contact with her.

   d.   **Violations of PFCEUA § 2270.4(b)(6)**

61. The PFCEUA, pursuant 73 P.S. § 2270.4(b)(6) prohibits a creditor from using "unfair or unconscionable means to collect or attempt to collect any debt."

62. Defendant violated the PFCEUA through its unfair and unconscionable placing of phone calls to Plaintiff. Despite Plaintiff's repeated demands that the phone calls cease, Defendant unfairly and unconscionably continued to contact Plaintiff, unfairly leaving Plaintiff with limited options to go about addressing Defendant's harassing calls. Defendant similarly continued to contact Plaintiff unfairly despite having knowledge that Plaintiff was represented by counsel in connection with the subject consumer debt.

    e.    **Violations of the PUTPCPL through violations of the PFCEUA**

63.    The PFCEUA, pursuant to 73 P.S. § 2270.5(b), provides that any violation of the PFCEUA constitutes an unfair or deceptive act in violation of the PUTPCPL.

64.    By virtue of Defendant's repeated violations of the PFCEUA, Defendant has similarly violated the PUTPCPL.

**WHEREFORE**, Plaintiff respectfully requests that the Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages pursuant to 73 P.S. § 2270.5(a) and 73 P.S. § 201-9.2(a);

c. Award Plaintiff treble damages pursuant to 73 P.S. § 2270.5(a) and 73 P.S. § 201-9.2(a);

d. Award Plaintiff reasonable attorney's fees and costs pursuant to 73 P.S. § 2270.5(a) and 73 P.S. § 201-9.2(a);

e. Enjoining Defendant from contacting Plaintiff; and

f. Awarding any other relief as the Honorable Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated: April 25, 2023                                            Respectfully Submitted,


                                               By: */s/ Marwan R. Daher*
Marwan R. Daher, Esq.
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8180
mdaher@sulaimanlaw.com